UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAX AMPARO,

                        Plaintiff,

v.                                                  **ORDER**

THE CITY OF YONKERS, et al.,            21-CV-02672 (PMH)

                        Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On or about March 4, 2021, Plaintiff Max Amparo ("Plaintiff") commenced an action in the Supreme Court of the State of New York, County of Westchester against Defendants Westchester County Department of Correction (the "Removing Defendant"), The City of Yonkers, Police Officer William Quirk, Policy Officer Timothy McMenamin, Police Officer Frank Califano, Police Officer Sean Concannon, and Detective John Sokolic (collectively, the "Yonkers Defendants")[1] by the service and filing of a Summons and Complaint, which was thereafter amended on or about March 7, 2021. (Doc. 1, "Not. of Removal ¶¶ 1-2; Doc. 1-2). On March 29, 2021, the Removing Defendant removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal at 1, ¶¶ 6, 8). On April 6, 2021, the Removing Defendant filed a pre-motion letter seeking a conference in anticipation of filing a motion to dismiss. (Doc. 3). On April 15, 2021, the Court granted the requested pre-motion conference and directed Plaintiff to respond to the Removing Defendant's letter at least one week in advance of the conference. (Doc. 5). The Court further noted in its Order that counsel for all parties should file a notice of appearance in advance of the conference. (*Id.*).

---

[1] Plaintiff also named as defendants Correction Officers John Does 1-5.

1

On April 23, 2021, Plaintiff moved to remand this action to state court. (Doc. 8). On May 5, 2021, Plaintiff filed its response letter in advance of the pre-motion conference as directed by the Court. (Doc. 11). On May 7, 2021, the Removing Defendant filed a letter "in response" to Plaintiff's motion to remand. (Doc. 12). For the reasons set forth below, Plaintiff's motion is GRANTED, and the case is remanded to the state court from which it was removed.

"[A]ny civil action . . . of which the district courts of the United States have original jurisdiction, may be removed" from state to federal court. 28 U.S.C. § 1441(a). "To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint." *Kleinman v. Ozdemir*, No. 13-CV-7530, 2014 WL 1327979, at *1 (S.D.N.Y. Apr. 2, 2014); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004); 28 U.S.C. § 1446. Where there are multiple defendants sued in a state court action, under 28 U.S.C. § 1446(b), "all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(b)(2)(A). If fewer than all defendants sign the notice of removal, the strict unanimity rule permits removal only if "*all defendants* consent to removal within the statutory thirty-day period." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-9059, 2015 WL 1730067, at *3 (S.D.N.Y. Apr. 14, 2015) (emphasis in original).

In the Second Circuit, each of the non-removing defendants must independently express their consent to removal. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). This requirement has been interpreted to require the submission by each defendant of "written consent unambiguously agreeing to removal." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001). It is well established in this Circuit that it is not sufficient for a non-removing defendant "to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Bedminster Fin. Grp.,*

*Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-CV-5557, 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (citing *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y.1998); *In re Vill. of Kiryas Joel, N.Y.*, No. 11-CV-8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012); *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99-CV-21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999)). Should any defendant fail to provide its consent within the thirty-day period, remand is warranted as such failure "constitutes a fatal procedural defect in the removal procedure." *Bedminster*, 2013 WL 1234958, at *6 (quoting *Kiryas Joel*, 2012 WL 1059395, at *3).

On motion to remand by the plaintiff, "the party seeking to remove the case bears the burden of establishing that removal is proper." *Kleinman*, 2014 WL 1327979, at *1; *Fernandez*, 332 F. Supp. 2d at 623. "All doubts are resolved against removability." *Bedminster*, 2013 WL 1234958, at *2.

The Removing Defendant's Notice of Removal is not signed by the Yonkers Defendants and is silent as to their consent to removal. (*See generally* Not. of Removal). Plaintiff served the Yonkers Defendants and the Removing Defendant in the state court action on or about March 9, 2021. (Doc. 8-1, "Lord Decl." Ex. A). The thirty-day removal clock thus began to run on March 9, 2021 and expired on April 8, 2021. Although the Removing Defendant advised in its letter response to Plaintiff's motion that Corporation Counsel for the City of Yonkers communicated its consent to the removal of the action, to date, none of the Yonkers Defendants has appeared in this removed action and none have provided to the Court their written consent unambiguously agreeing to removal. The Removing Defendant has not met its burden of establishing that removal is proper under these circumstances.

Accordingly, the action is remanded to the state court from which it was removed.

The Clerk of Court is respectfully directed to terminate the motion (Doc. 8), send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this case. All presently scheduled conferences are hereby cancelled.

**SO ORDERED.**

Dated: White Plains, New York
       May 10, 2021

                                              Philip M. Halpern
                                              United States District Judge